IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| J.O.A. CONSTRUCTION CO., INC.,<br>A Michigan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-160C<br>(Judge Bruggink) |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, J.O.A. Construction Co., Inc. ("JOA"), and defendant, the United States, by their representative attorneys, respectfully submit this Joint Preliminary Status Report:

a. Does the Court have jurisdiction over the action?

Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491 and 41 U.S.C. § 609.

Defendant states that the Court does not possess jurisdiction over Count II of the complaint because it is barred by the statute of limitations. Defendant is is not aware of any other basis upon which to challenge the Court's jurisdiction at this time.

b. Should the case be consolidated with any other case?

The parties agree that this case should not be consolidated with any other case.

c. Should the trial of liability and damages be bifurcated?

At this time, the parties do not believe that trial should be bifurcated as to liability and damages.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties agree that further proceedings in this case should not be deferred pending

consideration of another case before this Court of any other tribunal.

e. Will a remand or suspension be sought?

The parties do not believe that remand or suspension will be sought.

f. Will additional parties be joined?

The parties do not currently anticipate that additional parties will be joined.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?

The plaintiff does not anticipate filing such motions. Defendant anticipates filing a motion to dismiss, in part, based on the statute of limitations pursuant to RCFC 12(b)(1) and a motion for summary judgment pursuant to RCFC 56 regarding the contract interpretation issues.

h. What are the relevant factual and legal issues?

Plaintiff's Statement of Factual and Legal Issues

Plaintiff asserts that the termination for default was wrongful in that the Government did not recognize the early delay caused by the Government in not approving the contract drawings in a timely manner. JOA requested an extension of contract time, which was denied by the Government. Further, the termination was wrongful since the Government failed to provide a "punch list" until well after the project was substantially complete and refused to allow plaintiff to complete the punch list that was being supplemented on a periodic basis by the government thus creating a moving target that plaintiff could not meet. The wrongful termination triggered the involvement of the performance bond by Travelers, who immediately froze plaintiff's assets and caused plaintiff to become insolvent and unable to perform any new or existing construction contracts and that also increased the cost to complete the remaining punch list work. The loss of business by plaintiff is severe and supports damages of up to $2,000,000.

Moreover, plaintiff contends that defendant is holding the sum of $451,743.54 retainer

which amount should be paid to plaintiff. The costs incurred by the surety, Travelers, will have to be re-paid by plaintiff at an amount to be determined.

In addition to the wrongful termination, plaintiff requested additions to the contract amount for work added to the scope of work outlined in the Request for Proposal drafted by the Government. Specifically plaintiff requests compensation for the addition of the following:

| | |
|---|---|
| 1. Added catch basin | $12,863.26 |
| 2. Added exterior door hardware | $17,580.68 |
| 3. Added card readers | $87,621.65 |
| 4. Added continuous hinges | $3,380.45 |
| 5. Added building size | $2,006,482.16 |
| 6. Increase of the cost of steel | $329,056.00 |

Defendant’s Statement of Factual and Legal Issues

Defendant asserts that the termination for default was justified in that plaintiff failed to complete the contract by the contract completion date and did not complete the contract at all. Plaintiff's $3 million claim contained in Count I of the complaint for loss of business is not a cognizable claim before this Court and should be dismissed for failure to state a claim.

As stated earlier, the Court does not possess jurisdiction over Count II of the complaint because of the statute of limitations.

In Count III of the complaint, plaintiff seeks reimbursement for the increase in steel prices in the amount of $329,056. This was a firm-fixed price contract which does not permit a contractor to seek a claim for increased steel prices.

Plaintiff’s fourth count seeks reimbursement in the amount of $12,863.26 for catch basins. As the design-build contractor, plaintiff was responsible for designing proper drainage for the project to ensure storm water drained away from the building. Defendant asked plaintiff to

install the drainage in such a way to accommodate different dirt berms for landscaping purposes. The additional cost for such work is $4,124, not $12,863.26.

In Count V of the complaint, plaintiff seeks $17,580.68 for four exterior door card readers. The contract specifically requires the contractor to install exterior door card readers. Plaintiff should receive no reimbursement for this claim because this work was within the scope of the basic contract.

Count VI of the complaint seeks $87,621.65 for installation of card readers for barracks doors. Again, this item was part of the original contract and plaintiff should not receive additional reimbursement for this work.

In Count VII, plaintiff seeks $3,380.45 for installation of continuous door hinges on 20 doors. The contract required plaintiff to install continuous door hinges on exterior doors; therefore, plainitff is not entitled to additional money for this work.

Lastly, in count VII of the Complaint, plaintiff seeks $2,006,482.16 for the additional labor and materials to increase the size of the structure by 17,126 square feet. The original design required plaintiff to build a facility consisting of 111,429 square foot. The structure built by plaintiff contains 115,430 square feet, only 4,001 square feet larger than the government's requirements. Because this was a design-build contract, defendant is not liable to plaintiff for the additional square footage, nor did defendant ever direct plaintiff to build a larger structure beyond what was called from in the Request for Proposal.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties currently do not anticipate that the case will settle, however, the parties intend to discuss settlement after discovery is completed.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?

Assuming that the case is not resolved upon dispositive motions, or that the case does not settle, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. If trial is required, defendant requests that the trial be held in Washington, DC. Plaintiff prefers that the trial take place in Detroit, Michigan.

k. Are there special issues regarding case management needs?

The parties are unaware of any special issues regarding case management needs.

l. Is there any other information of which the Court should be aware at this time?

The parties are unaware of any other information of which the Court should be aware at this time.

m. Discovery

Defendant asserts that discovery beyond the parties' initial disclosures is not necessary to resolve the legal issues in this case. In the event that additional discovery is required, the parties propose the following discovery deadlines:

| | |
|---|---|
| Exchange of Initial Disclosures: | November 1, 2007 |
| Deadline for Serving Written Discovery | March 1, 2008 |
| Designation of Experts | February 1, 2008 |
| Deadline for Completion of Fact Depositions | June 1, 2008 |
| Disclosure of Expert Reports | July 1, 2008 |
| Deadline for Expert Depositions | September 1, 2008 |
| Close of All Discovery | November 1, 2008 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/John K. Grylls
JOHN K. GRYLLS
John K. Grylls, PC
18430 Mack Avenue
Grosse Point Farms, MI 48236
Tel: (313) 885-0123
Fax: (313) 886-7699

Attorney for Plaintiff

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

September 25, 2007

CERTIFICATE OF FILING

I hereby certify that on this 25th day of September, 2007, a copy of foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Armando Rodriguez-Feo