IN THE UNITED STATES FEDERAL COURT OF CLAIMS

J.O.A. CONSTRUCTION CO., INC.,
A Michigan corporation

Plaintiff

Case Number: 07-160C

V

Senior Judge Brugginlk

THE UNITED STATES.

Defendant

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS IN PART**

Plaintiff respectfully requests that the Court dismiss without prejudice Count I of Plaintiff's Complaint. Further, Plaintiff requests that the Court deny Defendant's Motion for the dismissal of Count II of Plaintiff's Complaint in that Count II is no more that a claim for the contract balance since Defendant has not assessed liquidated damages. Finally, Plaintiff requests that the Court deny Defendant's Motion for the dismissal of Count III of Plaintiff's Complaint in that the claim in Count III was properly submitted to the Defendant and that the Defendant issued its Contracting Officers Final Decision.

STATEMENT OF ISSUES

1. Count I: Plaintiff does not contest that the claim for loss of business and bonding capacity was never presented to the Defendant and therefore requests that Count I be dismissed without prejudice.

2. Count II: Plaintiff states that the amount being held by the Defendant which had not been paid to Plaintiff is the balance of the contract amount and as such should be credited to the Plaintiff or in the alternative should be assessed as liquidated damages which then would be a proper claim against the Defendant. In either case, Defendant must account for the balance of the contract. The Defendant did issued its calculation for liquidated damages as of March 2007, claiming $272,733 as the amount due to the Government based upon 649 days

delay at $420.00 per day plus a one time legal fee of $153.00 thus Count II should be retained and Defendant's motion denied.

3. Count III: Plaintiff states that the extraordinary increase to the steel price resulting from the delays caused by the Defendant was properly submitted to the Contracting Officer who, in turn, issued the Contracting Officers Final Decision on March 13, 2006. As a prequel to the submission of the increased steel price claim, Plaintiff submitted its claim for an extension of time. The Contracting Officer recognized the claim for an extension of time and denied it without issuing a final decision with the appropriate language allowing for an appeal. The Plaintiff's claim is based upon The Defendant's breach of contract for refusal to issue its change order for the increase in the price of steel.

## FACTS

Plaintiff entered into a design build contract with the Defendant on February 20, 2003 to design and build a three story educational facility commonly referred it as TASS (Total Army School System) based upon the Request for Proposal submitted by the Defendant to several potential bidders. The request for Proposal contained an outline of the building requirements including the size of the building at 98,876 square feet. Defendant instructed Plaintiff to increase the size of the building during the design phase after the Defendant had bid the Project. The contract amount was $13,235,200. for the 98,876 square foot building. The structure was substantially complete April 30, 2006 waiting for the Defendant to issue its Punch List of unacceptable work. The Defendant issued its first of many partial Punch Lists at the end of October 2006; some six months after substantial completion and after the Defendant had started moving furniture into the building. The mechanical punch list was created by the Defendant on February 5, 2007 but it was not issued to the Plaintiff before the Defendant terminated Plaintiff on February 23, 2007. The Project was 99% complete but Defendant had only paid 96% of the contract amount.

**ARGUMENT**

Defendant brings its motion to dismiss in part under Rule 12(b)(c) of the Court of Federal Claims, for failure to on the face of the complaint to state a cause of action. As stated in *Chapman Law Firm v United States* 490 F.3d 934, 938 (Fed Cir. 2007), the Court must analyze this motion with the presumption that the factual allegations contained in the complaint are true:

> The court must determine "whether the claimant is entitled to offer evidence to support the claims," not whether the claimant will ultimately prevail. *Scheuer v Rhodes*, 416 U.S. 232,236 94 S. Ct. 1683, 40 L. Ed 2d 90 (1974). In doing so, the court "must accept as true all factual allegations in the complaint, and indulge all reasonable inferences in favor of the non-movant." *Sommers Oil Co. v United States*. 241 F.3d 1375, 1378 (Fed. Cir. 2001). "[U)nless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should be dismissed. *Conley v Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 2 L. Ed. 2nd 80 (1957)

Under Rule 10(c), the attachments to the complaint must also be considered as part of the allegations contained in the complaint. *Stahl v Department of Agriculture*, 328 F.3d 697, 700 (8th Cir 2003) (citations omitted). Rule 10(c) of the Court of Federal Claims ("a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Also no deference is given to the determination of the contracting officer's decision to deny compensation. *Wilner v United States* 24 F.3d 1697, 1401 (Fed. Cir. 1994) (en banc):

Plaintiff understands the Defendant's argument as to Count I. Plaintiff argues that the cost of completion expended by the Bonding Company which is charged against Plaintiff is a cost that may be awarded to the Plaintiff if the termination for default is considered a termination for the convenience of the Defendant.

Plaintiff argues as to Count II that the claim for the balance of the contract is also recoverable from Defendant as a breach of contract if the termination for default is considered a termination for the convenience.

In Count III Plaintiff has properly based this cause of action on the Defendant's delay

that cause harm to Plaintiff due to the delay causing an increase in the cost of the steel incurred by Plaintiff. Count III also alleges that Plaintiff had to accommodate extra work that the Defendant added to the Project. Plaintiff alleges “The government made extensive changes to the original concept on May 5, 2003.” (Complaint Exhibit 6, pg 2, Page 46 ECF designation) These changes were made after the original estimates and after the award of the contract on or about February 20-21, 2003 (Complaint, Exhibit 6, pg 1, Page 45 EFC). Exhibit 6 of the complaint gives numerous details regarding the sequence of events related to this issue.

After the delay set forth in Exhibit 6, “The Government issued its notice to proceed with construction of the building envelope on January 22, 2004.” a year after the contract was signed. This was the first date on which ”hard money bids could be taken from proposed subcontractors” (Complaint Exhibit 6, pg 3, Page 47 ECF) “all the preceding cost figures were estimates and identified as such” (Id) By January 22, 2004 the cost of steel has risen dramatically.

Plaintiff sought an equitable adjustment base on these allegations. The law in Federal Circuit surrounding equitable adjustments based upon the government’s delay was succinctly stated by the *en banc* court in *Wilner*, 24 F.3d at 1401 (Fed. Cir. 1994):

> The contractor has the burden of proving the fundamental facts of liability and damages de novo. *See Servidone Constr. Corp. v United States*. 931 F.2d 860, 861 (Fed. Cir. 4 1991) (“To receive an equitable adjustment from the Government, a contractor must show three necessary elements – liability, causation, and resultant injury.”) *See also William F Klingensmith, Inc. v United States*, 731 F.2d 805,809 (Fed. Cir. 1984, *Blinderman Const. Co. v United States* 695 F.2d 552, 559 (Fed. Cir. 1982). This means that when the claim being asserted by the contractor proving the extent of he delay is based upon alleged government-caused delay, the contractor has the burden of proving the extent of the delay, that the delay was proximately caused by government action, and that the delay harmed the contractor.

It should also be noted that the Court of Federal Claims has previously litigated allegations of government delays that caused the contractor to not be able to obtain steel for the project until steel prices had increased. *The Sharman Co., Inc. v United States*, 30 Fed.

Cl. 231,234 (1994). This was in the context of a fixed-price contract. *Id*.

In *Sharman*, the government was responsible for a delay of 60 days in "approval of the First Article Inspection Report (the last documentary approval required before production could begin)" and 23 days "during manufacturing of the contract's 'First Article' (the first step in the production-qualifying process)" *Id.* However these delays did not cause the contractor's injuries. The contractor would not have been able to proceed with production as a date that would have allowed the contractor to avoid the increased steel prices even if the government's delay "had not occurred." *Id.* "'The government delay [could not] be considered the source of the contractor's injuries"' *Id.* Quoting bench opinion at 33.

More recently, the Court of Appeals for the Federal Circuit indicated that, ***in the context of fixed-price contracts***, a contractor may be compensated for losses caused by the ***delay caused by the government's change in contract specifications***. In *England, Sec. of Navy v Smoot Corp*. 388 F.3d 844. 846 (Fed. Cir. 2004), the "contract included standard fixed-price construction contract terms and conditions required by the Federal Acquisition Regulations ("FARs")." The Navy's project engineer made "***design and construction changes*** that Smoot said would cumulatively ***delay*** the completion of the project fifty-one days . . . " *Id*. (emphasis added) Under these circumstances, the contractor was entitled to a determination on the merits of the claim that the government delay increased the contractor's costs. *Id* at 857.

Under *Smoot Corp.* the delay herein associated with the governments extensive changes to the original requirements of the project must be attributed to the government. This conclusion is also mandated by *Essex Elector Engineers, Inc. v Danzig, Sec. of Navy*, 224 F.3d 1283 (Fed. Cir. 2000) (contractor had a valid claim for increased costs caused by delay that resulted from the government's change in the project's specifications).

July 10, 2008

/s/ John K. Grylls
JOHN K. GRYLLS
Attorney for Plaintiff
18430 Mack Avenue
Grosse Pointe Farms, MI 48236
Tel: (313) 885-0123
Fax: (313) 886-7699

Attorney for Plaintiff